UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> JOSE FERNANDO ROMERO MEJIA ) <br> ) <br> ) <br> Defendant. ) <br> ) | **FILED** <br> APR 3 0 2009 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT <br><br> CRIMINAL NO. 08-48-2 |

## MEMORANDUM & ORDER

Defendant Jose Fernando Romero Mejia is charged with conspiracy to manufacture and distribute five kilograms or more of cocaine knowing and intending to provide pecuniary value to a terrorist organization in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii), 846, 960(a), 963, and 18 U.S.C. § 2. Now before the Court is the government's oral motion to hold defendant Romero Mejia without bond pending trial. The Court conducted a hearing on the matter on April 30, 2009. Upon consideration of the oral motion, the government's proffer of evidence, and the opposition, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community were the defendant to be released. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

I. **THE GOVERNMENT'S PROFFER AND EVIDENCE**

At the April 30, 2009 hearing, and in a written statement that was incorporated at the

1

detention hearing, the government made the following factual proffer:

From approximately 2003 to 2007, defendant Romero Mejia was involved in the Cuesta Leon drug trafficking organization, an organization that bought cocaine from the FARC[1] (the Revolutionary Armed Forces of Colombia), paid taxes to the FARC and the AUC[2] (the United Self-Defense Forces of Colombia), and provided weapons to the FARC. The defendant's organization obtained weapons from the sale of cocaine in Suriname, Guyana, and Venezuela. The organization used light aircraft to transport drugs, cash, and weapons. The head of the organization was a man named Josue Cuesta Leon; defendant Romero Mejia was his principal deputy. Romero Mejia's specific role was finding cocaine buyers, receiving the proceeds from cocaine sales—money or weapons—and returning the proceeds to Colombia via aircraft.

## II. DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626

---

[1] FARC is derived from the Spanish name Fuerzas Armadas Revolucionarias de Colombia and is designated as a foreign terrorist organization by the United States Department of State.

[2] AUC is derived from the Spanish name Autodefensas Unidas de Colombia and is also designated as a foreign terrorist organization by the United States Department of State.

(D.C. Cir. 1988). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. Among the factors a court should consider are "the nature and circumstances of the offense charged, including whether the offense is a crime of violence," whether the offense involved a firearm, and several other factors. 18 U.S.C. § 3142(g)(1). Courts also should consider the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and magnitude of the danger to the community or individual persons if the defendant should be released. *Id.* at § 3142(g)(2)-(4).

### A.  Danger to the Community

The government has carried its burden of establishing, by clear and convincing evidence, that defendant Romero Mejia is a danger to the community.

First, the Court examines the nature and circumstances of the offense. The offense is serious, and carries a maximum term of imprisonment of ten years or more. Accordingly, the defendant is subject to a statutory presumption that he is a danger to the community. *See* 18 U.S.C. 3142(f)(1)(C). The weight of the evidence against the defendant is strong. The government has recorded telephone calls in which the defendant is heard discussing the logistics of cocaine trafficking. The government also has confidential sources that have stated Romero Mejia was involved in multi-hundred kilogram cocaine transactions. The defendant also did not provide any characteristics that would weigh in favor of his release.

After considering that the alleged offense is serious and that the government's evidence is strong, the Court concludes that Romero Mejia's release would pose an unreasonable danger to the community despite any conditions that could be placed on him during his release.

### B.   Risk of Flight

The Court has also determined that, by a preponderance of evidence, Romero Mejia is a risk of flight. He is not a United States citizen and has extensive foreign ties with foreign terrorist organizations.

### III.   CONCLUSION

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that detention of the defendant is appropriate pending trial. The Court finds that the defendant's release, under any conditions, would pose an unreasonable danger to the community and a risk of flight. Accordingly, it is hereby

ORDERED that the government's motion for detention pending trial is GRANTED; it is further

ORDERED that the defendant continue to be detained without bond; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____          _____
Chief Judge Royce C. Lamberth                          Date