## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 16, 2009

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **CRIMINAL NO. 08-048** |
| | : | |
| v. | : | |
| | : | **GRAND JURY ORIGINAL** |
| **JOSUE CUESTA LEON,** | : | |
| a/k/a "Don Julio," a/k/a "Josue," | : | **VIOLATIONS:** |
| a/k/a "El Viejo," a/k/a "El Gordo," | : | |
| | : | **21 U.S.C. §963** |
| and | : | **(Conspiracy to violate 21 U.S.C. §960a)** |
| | : | |
| **JOSE FERNANDO ROMERO MEJIA,** | : | **21 U.S.C. §960a** |
| a/k/a "Morocho," a/k/a "Alex," and | : | **(Engaging in conduct violating 21 U.S.C.** |
| a/k/a "La Negra," | : | **§ 841(a), knowing and intending to** |
| | : | **provide anything of pecuniary value to a** |
| **Defendants.** | : | **person or organization engaged in** |
| | : | **terrorism or terrorist activity)** |
| | : | |
| | : | |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting)** |
| | : | |
| | : | |
| | : | **21 U.S.C. § 853** |
| | : | **(Notice of Forfeiture)** |
| | : | |

### SUPERSEDING INDICTMENT

### THE GRAND JURY CHARGES THAT:

### COUNT ONE

### THE CONSPIRACY

1.      From sometime in 2003 and continuing thereafter up to and including November

12, 2007, the exact dates being unknown to the Grand Jury, in Colombia, Venezuela, Suriname

and other countries, the defendants, **JOSUE CUESTA LEON**, a/k/a "Don Julio," "Josue," "El

Viejo," and "El Gordo," and **JOSE FERNANDO ROMERO MEJIA**, a/k/a "Morocho,"

"Alex," and "La Negra," did knowingly and intentionally combine, conspire, confederate and

agree, with others known and unknown to the Grand Jury, including with co-conspirators not

indicted herein, to engage in conduct that would be punishable under Title 21, United States

Code, Section 841(a), if committed within the jurisdiction of the United States, that is, to

knowingly and intentionally manufacture, distribute, and possess with intent to distribute: five

(5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II narcotic drug controlled substance, knowing and intending to provide, directly and

indirectly, anything of pecuniary value to any person and organization that has engaged and

engages in terrorist activity (as defined in section 1182(a)(3)(B) of Title 8) or terrorism (as

defined in section 2656f(d)(2) of Title 22), having knowledge that the said person and

organization has engaged and engages in terrorist activity and terrorism; all in violation of Title

21, United States Code, Sections 960a, 841(a), 841(b)(1)(A)(ii), and 963, and Title 18, United

States Code, Section 2.

2.     There is jurisdiction over this offense pursuant to:

a.     Title 21, United States Code, Section 960a (b)(1), because the prohibited drug
       activity and terrorist offense violates the criminal laws of the United States,
       specifically Title 18, United States Code, Section 2339B;

b.     Title 21, United States Code, Section 960a (b)(2) because the prohibited drug
       activity and the terrorist offenses occur in or affect interstate or foreign commerce;

c.     Title 21, United States Code, Section 960a (b)(5) because, after the conduct
       occurred, the defendants, **JOSUE CUESTA LEON**, a/k/a "Don Julio," "Josue,"
       "El Viejo," and "El Gordo" and **JOSE FERNANDO ROMERO MEJIA**, a/k/a
       "Morocho," "Alex," and "La Negra," were brought into the United States, even
       though the conduct required for the offense occurred outside of the United States.

## OBJECT OF THE CONSPIRACY

3.     It was the object of the conspiracy to knowingly and intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, to wit cocaine, a Schedule II controlled substance, and while doing so, provide items of pecuniary value to the *Fuerzas Armadas Revolucionarias de Colombia* (FARC) and the United Self-Defense Forces of Colombia (AUC), both of which were designated Foreign Terrorist Organizations by the United States Department of State during the period of the conspiracy.

## METHOD AND MEANS OF THE CONSPIRACY

4.     The defendants, **JOSUE CUESTA LEON**, a/k/a "Don Julio," "Josue," "El Viejo," and "El Gordo," and **JOSE FERNANDO ROMERO MEJIA**, a/k/a "Morocho," "Alex," and "La Negra," and other co-conspirators, both known and unknown to the Grand Jury, in order to manufacture and distribute cocaine in the countries of Colombia, Venezuela, Suriname, and other countries, knowingly and intentionally provided, among other items of pecuniary value, the following:

    (a)     money from the sale of cocaine in the form of taxes paid to the FARC, a designated Foreign Terrorist Organization, knowing that the FARC had engaged and was engaging in terrorist acts and terrorism;

    (b)     weapons, purchased with proceeds derived from the sale of cocaine, to the FARC, a designated Foreign Terrorist Organization, knowing that the FARC had engaged and was engaging in terrorist acts and terrorism;

    (c)     money from the sale of cocaine in the form of taxes to the AUC, a designated Foreign Terrorist Organization, knowing that the AUC had engaged and was engaging in terrorist acts and terrorism;

All in violation of Title 21, United States Code, Sections 960a, 841(a), 841(b)(1)(A)(ii), and 963, and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE ALLEGATION

1.      The allegation in Count One of this indictment is realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.      As a result of the offense alleged in Count 1, the defendants, **JOSUE CUESTA LEON**, a/k/a "Don Julio," "Josue," "El Viejo," and "El Gordo," and **JOSE FERNANDO ROMERO MEJIA**, a/k/a "Morocho," "Alex," and "La Negra," shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count 1 of this indictment.

3.      If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL:

_____

FOREPERSON


Arthur G. Wyatt, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530


BY: *Mary E. Toscano* _____

Mary E. Toscano,
Glenn C. Alexander,
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530